UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:14-cr-00021-JL |
| ) | |
| LEONARDO ALMONTE-RAMIREZ ) | |
| ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

On May 9, 2013, the Nashua Police Department conducted a controlled purchase of cocaine directly from the defendant. A subsequent search of the vehicle in which the transaction occurred revealed a sophisticated electronic compartment concealing 23.53 grams of crack cocaine contained in 39 small baggies; 20.02 grams of heroin in 34 small baggies; 7.3 grams of cocaine in 15 small baggies; and nineteen 30-mg oxycodone tablets. Nestled immediately adjacent to the drugs (in the hidden compartment) were the defendant's Social Security Card and Permanent Resident card, and $2,008 in cash.

The defendant pled guilty to possession of crack cocaine, cocaine, and heroin with the intent to distribute (Counts One, Two, and Three), and distribution of cocaine (Count Four), all in violation of 18 U.S.C. § 841(a)(1), for which the guidelines recommend a range of 41-51 months' imprisonment (Total Offense Level 21, Criminal History Category II). For the reasons set forth below, the government proposes an incarcerative sentence of 41 months, which is at the low end of the applicable guideline range and appropriately fulfills the sentencing objectives described in 18 U.S.C. § 3553(a).

It is true that drugs were purchased from the defendant on only one occasion. However, the quantity and variety of the drugs contained in the defendant's vehicle, the manner in which those drugs were stored (in dozens of small baggies), the sophistication and likely expense of the electronic hide, and the considerable amount of currency secreted therein all indicate that this was a substantial operation supplying a much larger clientele. Thus, the sentence imposed must be long enough to recognize the seriousness of the offense, promote respect for the law, and provide just punishment for the illicit conduct. 18 U.S.C. § 3553(a)(2)(A).

In addition, interests of specific and general deterrence require the imposition of a substantial sentence. 18 U.S.C. § 3553(a)(2)(B). As the Court is well aware, Nashua and other areas of southern New Hampshire have been beset by an influx of dangerous drugs, particularly heroin. The source of those drugs can often be traced across the border to places like Lawrence and Lowell, Massachusetts. Meaningful sentences in these types of drug trafficking cases are essential to generally deter the northward flow of narcotics into this district's more vulnerable communities.

Moreover, in light of the defendant's criminal history, the need to specifically deter future criminal conduct is also critical. In 2012, the defendant was convicted in a Lawrence, Massachusetts district court of assault and battery with a dangerous weapon and breaking and entering with intent to commit a felony. For those crimes, he received only a suspended 18-month sentence and a period of probation, which he was still serving when he committed the instant crimes. A downward variance in this case would merely serve to send a message to the defendant that the repetition of his criminal behavior will be treated leniently by the Court. It is important that the defendant understand that his continued illicit conduct will result in escalating penalties.

CONCLUSION

In short, this is not a complex case.  The defendant was not an addict dealing to support his habit; rather, he was trafficking crack, cocaine, and heroin in the community of Nashua as a source of income, while on probation for a serious Massachusetts felony conviction.  A sentence of 41 months' imprisonment is therefore necessary to fulfill many of the factors delineated in 18 U.S.C. § 3553(a): to reflect the seriousness of his crimes and the danger that this influx of drugs presents to the community; to protect the public from an offender with a likelihood to recidivate; and to specifically deter this defendant, and generally deter other similarly situated drug traffickers, by sending the message that this type of criminal behavior will not be tolerated in this district.

For the foregoing reasons, the government recommends that the Court sentence the defendant to a 41-month term of imprisonment.

                Respectfully submitted,

                DONALD FEITH
                Acting United States Attorney

By:    /s/ Nick Abramson_____
        Nick Abramson
        Assistant U.S. Attorney
        Bar No. 672267 (MA)
        53 Pleasant Street
        Concord, NH 03301
        603.225.1552
        Nick.abramson@usdoj.gov

Dated: June 15, 2015

**CERTIFICATE OF SERVICE**

I, Nick Abramson, Assistant United States Attorney, hereby certify that a copy of the foregoing was sent to Paul Garrity, Esquire, counsel for the defendant.

                                        /s/ Nick Abramson
                                        Nick Abramson
                                        Assistant U.S. Attorney